HUMBERTO HERNANDEZ and ILEANA HERNANDEZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hernandez v. Commissioner
Docket No. 9459-77.
United States Tax Court
T.C. Memo 1979-272; 1979 Tax Ct. Memo LEXIS 254; 38 T.C.M. (CCH) 1068; T.C.M. (RIA) 79272; July 23, 1979, Filed Donatello M. Rosignoli, for the petitioners. Hans G. Tanzler, III, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined deficiencies in petitioners' joint Federal income tax as follows: Year
Deficiency
1973
$ 2,539.41
1974
11,109.13
After concessions, the sole issue for decision is whether certain subagent commission expenses paid by a United States citizen in operating a Costa Rican insurance business were properly disallowed as a deduction because the expenses were allocable to or chargeable *255 against earned income excluded from gross income under section 911, I.R.C. 1954. The case was submitted on a stipulation of facts. Petitioners Humberto Hernandez and Ileana Hernandez, husband and wife, resided in Miami, Florida, at the time their petition in this case was filed. Petitioners filed their 1973 and 1974 joint Federal income tax returns with the Internal Revenue Service Center, Philadelphia, Pennsylvania. The amounts of income and expenses here at issue relate to the business of petitioner Humberto Hernandez, who will hereinafter be referred to as petitioner. In 1973 and 1974, petitioner, a citizen of the United States, resided in Costa Rica, where he was engaged in business as a general agent for various domestic insurance companies. He sold insurance in that country and received commission payments as compensation. Petitioner utilized "subagents" in his sales of insurance. In the calendar years 1973 and 1974, he was paid gross commissions from the sale of insurance in the amounts of $66,667.85 and $220,146, respectively. On Schedule C of petitioner's 1973 and 1974 Federal income tax returns, he deducted in full against his gross commission income expenses *256 totaling $30,030.82 and $164,937.72, respectively ("Schedule C expenses"). Of these Schedule C expenses, $14,905.28 and $133,978.72 represented "subagent commission expenses" incurred by petitioner during 1973 and 1974. [1]
Petitioner qualified as a "bona fide resident of a foreign country" as contemplated by section 911, I.R.C. 1954, as in effect during the years at issue. He was therefore required to apply and did apply the income exclusion provisions under section 911 in computing his taxable income for the calendar years 1973 and 1974. Petitioner claimed section 911 exclusions in the amounts of $24,575 in 1973 and $25,000 in 1974. Capital was not a material income-producing factor in the production of the gross commissions received by petitioner. The Commissioner determined that $11,069.92 and $18,282.96 of the Schedule C expenses deducted by petitioner for 1973 and 1974, respectively, were allocable to excluded earned commission income, and that deduction *257 of such amounts was precluded by section 911(a). The Commissioner calculated the disallowances as follows: 1973
1974
Earned income
$66,667.85
$220,146.00
Exclusion under section 911
24,575.00
25,000.00
Total Schedule C business expenses
30,030.82
[2] 160,996.65
Schedule C expenses attributable to
excluded income [disallowed pursuant
to section 911(a)]: 1973 -- 24,575.00 / 66,667.85
X 30,030.82
11,069.92
1974 -- 25,000.00 / 220,146.00
X 160,996.65
18,282.96
Petitioner's 1973 and *258 1974 taxable income was increased by the amount of the disallowed deductions. On brief, petitioner concedes the correctness of the disallowances made by the Commissioner in the above calculation except for the disallowance of any part of the Schedule C deductions representing "subagent commission expenses". The issue before us is whether petitioner correctly applied the provisions of section 911[3] to his Costa Rican income and expenses in 1973 and 1974. Petitioner argues that excludable "earned income" for purposes of the section 911 exclusion is a portion of the net income remaining after the subagent commission expenses have been deducted in full from petitioner's gross commission income. According to this theory, since the subagent commission expenses must be deducted in order to arrive at "earned income", they are not subject to disallowance as "deductions * * * properly allocable to or chargeable against amounts excluded from gross income" within the intendment of section 911(a). The Commissioner, on the other hand, would require petitioner to exclude a portion of his gross commission income without reduction by any deductions, and would disallow a fraction of petitioner's *259 Schedule C deductions (including the subagent commission expenses) on the ground that they are nondeductible expenses allocable to excluded income. The Commissioner's disallowance is computed in accordance with the following formula: *260 Excludable earned income (section 911) / Gross income X Total Schedule C business expenses We hold for the Commissioner. In the case of individuals who derive foreign source earned income from sources other than partnerships, it has been established that the section 911 earned income exclusion is an exclusion of an amount taken from gross income, rather than from net income, and that a fraction of the deductible expenses properly allocable to excluded gross income must be disallowed pursuant to section 911(a). See Cook v. United States,     F. 2d     (Ct. Cl. April 18, 1979); Brewster v. Commissioner,67 T.C. 352 (1976), affd. per curiam     F. 2d     (D.C. Cir. June 1, 1979); Brewster v. Commissioner,55 T.C. 251 (1970), affd. per curiam 473 F. 2d 160 (D.C. Cir. 1972); sec. 1.911-2(d)(6), Income Tax Regs.; Rev. Rul. 75-86, 1975-1 C.B. 242. [4] See also Cornman v. Commissioner,63 T.C. 653 (1975). A formula similar to that applied here has been approved as an appropriate method of ascertaining the amount of deductions allocable to excluded gross income. See Cook v. Commissioner, *261 supra at    , Appendix A, n. 3; Brewster v. Commissioner,supra,67 T.C. at 365-367. [5]
Under Cook and the Brewster cases, petitioner's argument must be rejected. Deduction of the full amount of petitioner's subagent commission expenses from gross commission income is not authorized as part of the calculation of excludable "earned income", cf. sec. 1.911-2(c)(2), Income Tax Regs., and contravenes the specific prohibition of section 911(a) against deducting the costs of earning excluded income. The Commissioner correctly disallowed a fraction of petitioner's Schedule C expenses (including the subagent commission expenses) allocable to the production of the excluded gross commission income. We reach *262 our conclusion notwithstanding the fact that there is authority suggesting that the section 911 earned income exclusion for partners is based on distributive partnership net income and is calculated in a manner similar to that utilized by petitioner in this case. The method of applying section 911 to individuals with earned income from partnerships turns on considerations peculiar to partnerships and has been regarded as having no bearing in cases not involving partnership income. Compare Cook v. Commissioner,supra at    , Brewster v. Commissioner,supra,67 T.C. at 358 n. 7, and Brewster v. Commissioner,supra,     F. 2d at     n. 4, with Vogt v. United States,210 Ct. Cl. 246, 537 F. 2d 405 (1976). Indeed, the opinion of the Court of Claims in Cook which distinguished the Vogt partnership case was written by the same judge who had written the opinion in the Vogt case itself. Petitioner's final argument is that he should be permitted to reduce his gross commission income by the full amount of the subagent commission expenses because the subagent commissions could have been paid directly to the subagents *263 by the insurance companies, and because the subagents, rather than petitioner, earned those commissions. However, there is no factual basis in the record to support this argument. There is no evidence whatsoever that petitioner was a mere conduit for the commissions paid to the subagents, or that the full amount of gross commission income reported by petitioner was not in fact gross income to him. Accordingly, we find that petitioner failed to carry his burden of proof on this issue. Rule 142(a), Tax Court Rules of Practice and Procedure. The subagent commission expenses were deductions from petitioner's gross income, and they were subject to the disallowance provisions of section 911(a) relating to deductions allocable to excluded earned income. Decision will be entered for the respondent.
Footnotes
1. Petitioner did not pay his subagents 100 percent of the gross commissions he received from their insurance contract sales; petitioner kept a portion of those gross commissions as his general agent commission.↩
2. Petitioner deducted $164,937.72 in Schedule C business expenses on his 1974 return; the Commissioner disallowed $3,941.07 of those expenses (representing travel and entertainment expense) on grounds unrelated to section 911↩. Petitioner concedes the correctness of this disallowance. Accordingly, $160,996.65 ($164,937.72 minus $3,941.07) has been used in the above calculation. The deficiency notice, in an apparent typographical error, at one point refers to this figure as $160,966.65. However, the Commissioner's calculation of the disallowance for the year 1974 in fact was based on the correct $160,996.65 figure, which we adopt for purposes of this case.
3. Section 911, I.R.C. 1954, as in effect in 1973 and 1974, provides in pertinent part: SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES. (a) General Rule.--The following items shall not be included in gross income and shall be exempt from taxation under this subtitle: (1) Bona fide resident of foreign country.--In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary or his delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such uninterrupted period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c). * * *
An individual shall not be allowed, as a deduction from his gross income, any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this subsection. (b) Definition of Earned Income.--For purposes of this section, the term "earned income" means wages, salaries, or professional fees, and other amounts received as compensation for personal services actually rendered * * *. (c) Special Rules.--For purposes of computing the amount excludable under subsection (a), the following rules shall apply: (1) Limitations on amount of exclusion.--The amount excluded from the gross income of an individual under subsection (a) for any taxable year shall not exceed an amount which shall be computed on a daily basis at an annual rate of-- (A) except as provided in subparagraph (B), $20,000, in the case of an individual who qualifies under subsection (a), or (B) $25.000 in the case of an individual who qualifies under subsection (a)(1), but only with respect to that portion of such taxable year occurring after such individual has been a bona fide resident of a foreign country or countries for an uninterrupted period of 3 consecutive years.↩
4. See Jones v. Commissioner, T.C. m/emo. 1979-271 (released on this date); Alexander v. Commissioner,37 T.C.M. 1849-75, 1849-80, 47 P-H Memo. T.C. par. 78,487 (1978); Quinn v. Commissioner,33 T.C.M. 310, 313, 43 6 T.C.M. 743↩, 751-752, 16 P-H Memo. T.C. par. T.C.M. 1849-75, 1849-80, 47 P-H Memo. T.C. par. 78,487 47,183 (1947). 5. See Alexander v. Commissioner,supra.↩